UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND AND ITS JOINT BOARD OF TRUSTEES, *et al.*,<br><br>Plaintiff(s),<br><br>v.<br><br>H & H BUILDERS, INC., *et al.*,<br><br>Defendant(s).<br>_____/ | No. C-11-02789-PJH (DMR)<br><br>**REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs Trustees Marion Bourboulis, Les Proteau, Charles Del Monte, Doug Christopher, and John Maggiore, and Trustees of Bay Area Painters and Tapers Pension Trust Fund and its Joint Board of Trustees, District Council 16 Northern California Health and Welfare Trust Fund and its Joint Board of Trustees, District Council 16 Northern California Apprentice and Journeyman Training Trust Fund and its Joint Board of Trustees, and District Council 16 of the International Union of Painters and Allied Trades move the court pursuant to Federal Rule of Civil Procedure 55(b)(2) for entry of a default judgment against Defendants H & H Builders, Inc. ("H&H"), a suspended California corporation, and Rhonda Faye Harris. Plaintiffs ask the court to order Defendants to provide them with copies of (1) payroll registers from January 1, 2009 through June 21, 2011, (2) California Quarterly Withholding Reports (Form DE-6) from 2009 through 2011, (3) cash disbursement journals covering January 1, 2009 through June 21, 2011, and (4) corporate tax

returns for 2010 and 2011. (Pls. Mot. for Default J.; P. & A. in Supp. Thereof ("Pls.' Mot.") 1.) These documents will permit Plaintiffs to perform an audit and report to the court any amounts found due in a supplement to the current default judgment motion. Plaintiffs also seek to recover liquidated damages, interest incurred on delinquent contributions and audit fees, and attorneys' fees and costs. (Pls.' Mot. 1-2.) For the reasons given below, the court recommends that Plaintiffs' motion be granted.

## I. Background & Procedural History

Defendants[1] entered into a Master Agreement between District Council 16 of the International Union of Painters and Allied Trades and Northern California Drywall Contractors Association ("Bargaining Agreement") on August 1, 2003 and August 1, 2008. (Williams Decl. ¶ 5, Feb. 2, 2012; *see* Williams Decl. Exs. C, D.) The Bargaining Agreement incorporates the terms of the Trust Agreements of the District Council 16 Northern California Health & Welfare Trust Fund ("Trust Agreement"), which requires Defendants to maintain employee time and payroll records; to submit to audits of these records upon request of the Trust Funds' Trustees;[2] and to reimburse the Trust Funds for reasonable attorneys' fees and costs incurred in an action to compel an employer to comply with its auditing obligations. (Williams Decl. ¶¶ 7-9; *see* Williams Decl. Ex. F.) Defendant Harris entered into an Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds, which incorporates the Bargaining Agreement and holds her personally and individually liable for all contributions due to Plaintiffs. (Williams Decl. ¶ 6; *see* Williams Decl. Ex. E.)

Plaintiffs filed the current action in this Court on June 8, 2011 pursuant to section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, and 29 U.S.C. § 185 to compel Defendants' compliance with the Bargaining Agreement by scheduling an audit of Defendants' records from April 1, 2008 through June 21, 2011; by providing all documents needed to perform that audit; and by making payment of all unpaid contributions, liquidated damages,

---

[1] Defendants are employers within the meaning of Section 3(5) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(5), and within the meaning of Section 2(2) of the Labor Management Relations Act, 29 U.S.C. § 152(2). (Compl. ¶ 5.)

[2] The Trust Funds qualify as labor organizations within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. (Williams Decl. ¶ 2.)

2

1  interest, and audit testing fees.  (*See* Pls.' Mot. 3.  *See generally* Compl.)  Plaintiffs completed
2  service on Defendants eight days later and filed proof of service the same day.  [*See* Docket No 9.]
3  On July 8, 2011, Plaintiffs requested an entry of default against Defendants [Docket No. 11], which
4  the Court entered that day [Docket No. 12].  Plaintiffs moved for entry of a default judgment on
5  February 2, 2012.  [Docket No. 20.]  On February 17, 2012, one day after any opposition was due,
6  Defendant Harris made a *pro se* appearance in which she explained her current legal and financial
7  difficulties, but did not contest Plaintiffs' claims or move to set aside the default against her.
8  [Docket No. 30.]  Defendant H & H Builders, Inc. has not appeared.

9       The court held a hearing on April 12, 2012.  Defendant Harris appeared *pro se*.  Defendant H
10 & H Builders, Inc. failed to appear.[3]  Defendant Harris conceded that Plaintiffs have the right to
11 audit Defendants' books, but generally contested Plaintiffs' claims for attorneys' fees and costs.
12 The court gave her until April 26, 2012 to find an attorney to represent Defendant H & H Builders,
13 Inc., to move to set aside the default against her, and to move to stay the motion for default
14 judgment.  Defendants have taken no action.

## II. Default Judgment

### A. Legal Standard

17      Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case
18 following a defendant's default.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995,
19 999 (N.D. Cal. 2001).  Whether to enter a judgment lies within the court's discretion.  *Pepsico, Inc.
20 v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d
21 915, 924-25 (9th Cir. 1986)) ("A defendant's default does not automatically entitle the plaintiff to a
22 court-ordered judgment."); *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 999.

23      Before assessing the merits of a default judgment, a court must confirm that it has subject
24 matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the
25 adequacy of service on the defendant.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  If the court

---

[3] *See Rowland v. Cali. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993) (noting that corporations may not appear without counsel); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (same).

finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**B. Analysis**

The court finds that it has subject matter jurisdiction over this case pursuant to 29 U.S.C. §§ 185 (granting labor union organizations power to sue employers in Federal court) and 1132 (empowering ERISA plan fiduciaries to bring civil actions to enforce plan terms). It exercises personal jurisdiction over Defendants because Defendant H&H is a suspended California corporation (Williams Decl. ¶ 4, Ex. B) and Defendant Harris has sufficient ties to California to provide this Court with specific jurisdiction over her (Williams Decl. ¶¶ 3-4, 6, Exs. A, B, C at 9, D at 11, E). *See Fiore v. Walden*, 657 F.3d 838, 854 (9th Cir. 2011) (listing factors establishing specific personal jurisdiction). Moreover, both Defendants qualify as employers under 29 U.S.C. §§ 152(2) and 1002(5). Regarding the adequacy of service of process, Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (authorizing service of process on corporations "in the manner prescribed by Rule 4(e)(1) for serving an individual"). Under California law, "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. A summons can be served on a corporation by delivering a copy of the summons and of the complaint to the person designated as agent for service

4

of process. Cal. Civ. Proc. Code § 416.10(a).  The court has reviewed the proofs of service and finds that the summons and complaint were properly served on Defendants with personal service. [*See* Docket Nos. 9.]

Turning to the first *Eitel* factor, Plaintiffs will suffer great prejudice if the court does not enter a default judgment against Defendants because Plaintiffs otherwise have no means to recover the contributions that Defendants owes them.  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Plaintiffs also fulfill the second and third *Eitel* factors:  First, Plaintiffs' complaint pleads the elements of a violation of 29 U.S.C. § 1145.[4]  Specifically, it claims that Defendants are employers obligated under the Bargaining Agreement to make contributions to the Trust Funds and that Defendants failed to make such contributions.  (Compl. ¶¶ 13-18.)  Moreover, when a benefit plan secures a judgment under § 1145, § 1132(g)(2) entitles the plan to unpaid contributions, interest thereon, liquidated damages, and reasonable attorneys' fees and costs.  In light of these facts and the pertinent law, Plaintiffs have submitted a legally sufficient complaint which will prevail on the merits.  *See Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co.*, No. 10-1757, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010).

The fourth factor focuses on the amount at issue in the action, as courts should be hesitant to enter default judgments in matters involving large sums of money.  "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged."  *Bd. of Trs. v. Core Concrete Const., Inc.*, No. C 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472).  However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate."  *Id.* (citations omitted).  In a situation such as this one, when Plaintiffs do not seek monetary relief, the fourth factor tilts in their favor.  *United States v. Tarantino*, No. CIV S-06-0618, 2007 WL 1521031, at *5 (E.D. Cal. May 24, 2007) (citing *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005)) (not reported in F. Supp. 2d).

---

[4] Section 1145 provides, in relevant part, that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  § 1145.

With respect to the fifth prong, Defendant H & H Builders, Inc. has not appeared in this action, let alone contested any of Plaintiffs' material facts. Defendant Harris, who appeared late in the litigation, conceded during the court's April 12, 2012 hearing that Plaintiffs' had the right to audit Defendant's financial accounts. Although she generally contested Plaintiffs' claim for attorneys' fees and costs, she provided no evidence or argument to support her defense. Finally, nothing in the record suggests that Defendants defaulted due to excusable neglect. Although Plaintiffs have served submissions relating to the case throughout the pendency of this action [*see* Docket Nos. 9-10, 13, 16, 19, 25, 27, 34], Defendant H & H Builders, Inc. has failed to participate in the litigation. Defendant Harris made a late appearance. The court specifically gave her additional time to seek relief, but she has done nothing to move the court to set aside the default against her, or to stay the current motion. *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1005. Examining these facts in the aggregate, the court finds that factors one through five of the first six *Eitel* factors outweigh the Federal Rules of Civil Procedure's strong preference for a decision on the merits. The court therefore recommends an entry of a default judgment.

### III. Damages

To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). With respect to cases arising out of ERISA, statute declares, in relevant part, that

> in any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
> . . . (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

§ 1132(g)(2).

#### A. Non-Monetary Relief

The Trust Agreement requires Defendants to maintain employee time and payroll records, and to submit these records to audits upon request of the Trust Funds' Trustees. (Williams Decl. ¶¶ 7-9;

6

*see* Williams Decl. ¶ 6, Exs. E, F.)  Consequently, the court recommends that the court order Defendants to provide Plaintiffs with copies of the documents required to allow Plaintiffs to audit the payroll records for the purpose of determining whether Defendants have made full payment of all sums owed to Plaintiffs from April 1, 2008 through June 21, 2011.

**B. Attorneys' Fees & Costs**

Section 1132(g)(2)(D) requires the court to award "reasonable attorneys' fees and costs" when plaintiffs secure a judgment in their favor, § 1132(g)(2)(D), unless "special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984).  The court determines reasonable attorneys' fees according to the lodestar analysis, which multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).  The reasonable hourly rate depends on "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 896 (1984).  When assessing the rate, the court also may consider the novelty and complexity of the issues; the special skill and experience of counsel; the quality of representation; and the results obtained. *See Cabrales v. Cnty. of L.A.*, 864 F.2d 1454, 1464 (9th Cir. 1988).  Although the court presumes that the lodestar represents a reasonable fee, *Jordan*, 815 F.2d at 1262, the court may adjust the award if other factors make it unreasonable. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Through January 17, 2012, Plaintiffs have incurred $4,518.50 in attorneys' fees based upon the following rates and hours: (1) 10.8 hours by Blake E. Williams, an attorney with approximately eight years of experience, at a rate of $195 per hour; (2) 0.1 hours by Muriel B. Kaplan, a law firm shareholder, at a rate of $205 per hour; and (3) 20.8 hours by paralegal Elise Thurman at a rate of $115 per hour. (*See* Williams Decl. ¶¶ 23-24, Ex. N.)  These are reasonable San Francisco Bay Area rates for ERISA claims. *See, e.g.*, *Oster v. Std. Ins. Co.*, No. 09-851, 2011 WL 1663372, at *6 (N.D. Cal. May 2, 2011) (approving hourly rate of $400 for associates and $150 for paralegals); *Langston v. N. Am. Asset Dev. Corp. Group Disability*, No. 08-2560, 2010 WL 330085, at *7 (N.D. Cal. Jan. 20, 2010) (approving hourly rate of $400 for partner and $150 for paralegals); *Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008) (approving hourly rates of $350 and $330 for

associates).  The time that Plaintiffs' counsel have expended on this case, 31.7 hours, proves reasonable as well. The court therefore recommends that Plaintiffs' recover $4,518.50 in attorneys' fees.

The court also will award costs if "the prevailing practice in a given community [is] for lawyers to bill those costs separately from their hourly rates." *Trs. of Contrs. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (quotation marks omitted); *see* § 1132(g)(2)(D).  Plaintiffs have incurred $481.00 in costs in the action as of January 17, 2012.  $350.00 stem from the case filing fee and $131.00 from serving documents on Defendants. (Williams Decl. ¶ 26.)  Because the court finds these sums reasonable, it recommends that Plaintiffs be granted $481.00 in costs.

## IV. Conclusion

For the foregoing reasons, the court recommends that the District Court grant Plaintiffs' Motion for Default Judgment.  The court also recommends that the District Court order Defendants to provide Plaintiffs with copies of the documents required to allow Plaintiffs to audit Defendants' payroll records for the purpose of determining whether Defendants have made full payment of all sums owed to Plaintiffs from April 1, 2008 through June 21, 2011.  The court finally recommends that the District Court award Plaintiffs attorneys' fees and costs amounting to $4,518.50 and $481.00, respectively.

Plaintiffs further ask that the District Court retain jurisdiction, presumably to ensure that the audit is performed and that all amounts found due and owing are paid.  The court therefore recommends that the District Court provide Plaintiffs adequate time to conduct an audit and to bring a further motion for entry of default judgment for a sum certain, should the audit prove money is owed. *See Bd. of Trs. of Laborers Health & Welfare Trust Fund for N. Cal. v. Clark Arnold Corp.*, No. 06-6915 CW (N.D. Cal. July 31, 2007) (order adopting report and recommendation).

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.  Failure to file timely objections "may waive the right to appeal the District Court's

8

order." *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: April 30, 2012

_____
DONNA M. RYU
United States Magistrate Judge